**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TOMONNO CHEEKS, ) | |
| ) | |
|     Plaintiff, ) | CIVIL ACTION FILE NO.: |
| ) | |
| vs. ) | _____ |
| ) | |
| CANDACE HOWELL-LUCAS and ) | |
| STATE FARM MUTUAL ) | (Removed from Superior Court of |
| AUTOMOBILE INSURANCE ) | Fulton County, State of Georgia |
| COMPANY, ) | Civil Action No. 2013-CV-239398) |
| ) | |
|     Defendants. ) | |
| ) | |

## NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") hereby removes this action from the Superior Court of Fulton County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, reserving all rights and defenses, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Removal is proper on the following grounds:

1. Plaintiff commenced this action in the Superior Court of Fulton County by filing the Complaint on or about November 20, 2013. Plaintiff has sued both State Farm and Defendant Candace Howell-Lucas for breach of contract, negligence, and bad faith, as well as respondeat superior liability on the part of

State Farm.  A copy of the Complaint was served on State Farm on December 12, 2013.  Upon information and belief, as of the date of this filing, Defendant Howell-Lucas has not been served with process.

2. In his Complaint, Plaintiff contends that Defendants failed to provide the full scope of automobile insurance coverage for which he had bargained.  Plaintiff alleges that he suffered monetary losses, as well as pain and suffering, arising out of the September 20, 2012 theft of his automobile because the allegedly incomplete insurance coverage provided by Defendants did not cover this loss.  The Complaint seeks compensatory damages, bad faith damages, punitive damages, and attorneys' fees.  State Farm denies these allegations and denies any liability to Plaintiff.

## I. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

3. Federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

### A. Complete Diversity Exists

4. State Farm is not a citizen of the State of Georgia.  State Farm is a foreign insurer duly organized under the laws of the State of Illinois and having its principal place of business in the State of Illinois (erroneously stated in the

Complaint as Indiana), and is therefore a citizen of Illinois for purposes of diversity jurisdiction.  *See* Compl. ¶ 3.

5. Howell-Lucas is not a citizen of the State of Georgia.  *See id.* ¶ 2.

6. Plaintiff is a citizen of the State of Georgia.  *Id.* ¶ 1.

7. There is complete diversity between Plaintiff, on the one hand, and Defendants State Farm and Howell-Lucas, on the other.

**B.     The Amount in Controversy Exceeds $75,000.**

8. While State Farm admits no liability, nor any element of damages, the Complaint seeks compensatory damages as well as damages for pain and suffering, bad faith damages, punitive damages, and attorneys' fees.  *Id.* ¶ 36, "Wherefore" paragraph (a)-(c).

9. Plaintiff alleges that he has suffered $49,358.04 in out-of-pocket losses to date due to Defendants' actions.  *Id.* ¶ 36.

10. Plaintiff also seeks damages for Defendants' alleged bad faith handling of his insurance coverage and claim.  Under Georgia law, should Plaintiff prevail on a bad faith claim, he could be entitled to a statutory penalty in the amount of fifty percent of the insurer's liability for the loss, or $24,679.02.  O.C.G.A. § 33-4-6.

11. In addition to the claimed out-of-pocket losses and bad faith penalties, which together exceed $74,000, Plaintiff seeks damages for pain and suffering, punitive damages, and attorneys' fees.

12. The amount in controversy, evidenced by the Complaint, exceeds $75,000, exclusive of interest and costs.

## II. STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

13. State Farm was served with the Complaint on December 12, 2013 and this Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

14. Upon information and belief, Defendant Howell-Lucas has not yet been served with process, and so her consent to this removal is not necessary. 28 U.S.C. § 1446(b)(2).

15. The Superior Court of Fulton County, Georgia is located within the Northern District of Georgia, Atlanta Division and so venue is proper in accordance with 28 U.S.C. § 1441(a).

16. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all other pleadings and papers served on State Farm to date is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff. A copy is also being filed with the Clerk of Court, Superior Court of Fulton County, State of Georgia.

This 13th day of January, 2014

          */s/ Thomas W. Curvin*
          Thomas W. Curvin (Ga. Bar No. 202740)
          Molley J. Clarkson (Ga. Bar No. 142344)
          SUTHERLAND ASBILL & BRENNAN LLP
          999 Peachtree Street N.E.
          Atlanta, GA 3039-3996
          404-853-8000 (telephone)
          404-853-8806 (facsimile)
          tom.curvin@sutherland.com
          molley.clarkson@sutherland.com

          *Attorneys for Defendant State Farm Mutual*
          *Automobile Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that this day the foregoing **Notice of Removal** was filed electronically with the Clerk of Court using the CM/ECF system in the United States District Court for the Northern District of Georgia, and was served on the Plaintiff in this action by mailing a copy of same, postage prepaid, to Plaintiff's counsel of record, addressed as follows:

>Joycelyn R. Curry
>J Curry Law Group, LLC
>3300 Buckeye Road, Suite 320
>Atlanta, Georgia  30341
>jcurry@jcurrylaw.com

This 13th day of January, 2014.

>*/s/ Thomas W. Curvin*
>Thomas W. Curvin